## Calhoun Estate

*Roland Fleer*, of *Fleer and Miller*, for petitioner.

*Herbert Goldberg*, of *Wisler, Pearlstine, Talone & Gerber*, for Northwestern National Bank.

FORREST, J., thirty-eighth judicial district, specially presiding, July 26, 1950.—The widow of decedent filed her petition for the family exemption of $750 and requested that certain specific assets of the estate be awarded to her under sections 202 and 211 of the Fiduciaries Act of 1949. In a preliminary decree the court directed that notice be sent by registered mail to the creditors of decedent, advising that unless an answer was filed the property claimed would be awarded to petitioner. Pursuant to this notice, the Northwestern National Bank, a creditor of decedent, filed an answer.

At the hearing, petitioner preliminarily and before producing any testimony, asked that the awards be made since the answer allegedly denied nothing but merely asked for proof. We will not decide the case on this technical ground. It was orally stipulated and agreed that petitioner was the wife of decedent; that she had not forfeited any of her pertinent rights and that the value of the assets requested for the awards did not exceed $750. On the basis of these admissions, petitioner claims that the awards must be made under section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.211, which provides:

"The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as form a part of the decedent's household, may retain or claim as an exemption and *as a reasonable requirement for support during the settlement of the estate*, either real or personal property, or both, not theretofore sold by the personal representative, to the value of seven hundred and fifty dollars. The surviving husband or wife shall be a competent witness as to all matters perti-

nent to the issue of forfeiture of the right to the exemption." (Italics supplied.)

The bank claims that she must prove that this sum is required for her support under the italicized portion thereof. The committee in commenting on this phraseology adds:

"(4) The words 'and as a reasonable requirement for support during the settlement of the estate' have been added to secure the benefit of a deduction for Federal estate tax purposes under Section 812(b) of the Internal Revenue Code [26 U. S. C. A. §812] which allows as a deduction 'Such amounts . . . (5) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent.' "

The bank agrees that before this enactment it was not necessary for claimant to prove that the exemption was necessary for her support but contends that the wording italicized requires that this proof is necessary on which to predicate an award.

We do not agree with the bank's contention. Proof that this sum was required for the support of petitioner was not a sine qua non before this act, and there is nothing in the 1949 Act which even infers that the court should make it a prerequisite. If the legislature meant to change the procedure and require this proof to be made, this could have been accomplished by plain and certain language. This was not done, and since the apparent purpose of this phraseology was to secure for the residents of Pennsylvania the benefit of a deduction for Federal estate tax purposes, which has been accomplished, neither the letter nor the spirit of the law dictate that it should be interpreted in the manner contended for by the bank.

And now, July 26, 1950, the property claimed by petitioner in paragraph 3 of her petition is awarded to her at the values therein set forth.